UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINALD MIMMS, | |
| Plaintiff, | |
| -against- | 25-CV-6683 (LLS) |
| RONALD ROTH; NOLAN ROTH; DANA VILLASANA; MICHAEL LAMINSOFF, | ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff Reginald Mimms, who resides in Bronx County, is appearing *pro se* and *in forma pauperis* ("IFP"). He brings this action under 42 U.S.C. § 1983, and alleges that Defendants violated his rights under federal and state law and engaged in criminal activity. The Court dismisses the complaint for the reasons set forth below, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants four private attorneys with offices in New York State: Ronald Roth, Nolan Roth, Dennis Villasana, and Michael Laminsoff.[1] On October 24, 2015, Plaintiff sustained "serious physical injury" after a Greyhound bus hit Plaintiff's car from behind. (ECF 1 at 5.) As a result of those injuries, Plaintiff required "extensive medical treatment, surgeries, and long-term therapies." (*Id.*) Plaintiff retained Defendants at various times to handle the litigation arising from the accident. He alleges that Defendants, and other attorneys mentioned in the complaint but not listed as

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

defendants in the caption of the complaint, "mishandled" those legal matters. (*Id.*) For example, Plaintiff claims that after Ronald Roth was no longer representing him, Roth "continued to act without authorization"; filed actions in "the wrong jurisdictions"; forged documents and submitted other "fraudulent" filings; and withheld a $1.25 million dollar settlement check and the original case files. (*Id.*) Plaintiff further claims that after Ronald Roth told him that "the case was already over," attorneys for Greyhound told him that "he needed to sign a Medicaid lien ("CMS letter") designed to act as a" non-disclosure agreement, suggesting that Ronald Roth had not been candid with Plaintiff about the status of the case. (*Id.* at 6.)

Plaintiff asserts the following claims: conspiracy, abuse of process, due process violations, violations of federal criminal statutes, and committed acts giving rise to claims arising under state-law, including abuse of process, breach of "fiduciary duties," fraud, and legal malpractice. (*Id.* at 2.) He seeks more than $150 million in damages. (*Id.* at 6.)

## DISCUSSION

**A.     Federal claims**

**1.     Claims under 42 U.S.C. § 1983**

Plaintiff invokes 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In other words, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d

307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

### 2.     Claims under federal criminal statutes

Plaintiff cannot initiate the criminal prosecution of any individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus cannot invoke the Court's federal question jurisdiction to assert claims under a federal criminal statute.

### B.     State law claims

### 1.     Diversity of citizenship subject matter jurisdiction

Plaintiff asserts a number of claims arising under state law. To establish the Court's jurisdiction under 28 U.S.C. § 1332 for the purpose of asserting state-law claims, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Even if the Court assumes at this stage that, to a reasonable probability, Plaintiff's claim exceeds $75,000, he does not allege facts suggesting that there is complete diversity of citizenship among the parties. While Plaintiff alleges that Defendants maintain offices in the

States of New York, he does not allege the residential address of any of the defendants. Plaintiff therefore does not plead facts demonstrating that the parties are diverse.

### 2. Supplemental jurisdiction

The second way in which a federal court can consider state-law claims is under its supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction of state-law claims, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### C. Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff 30 days' leave to replead his state-law claims in an amended complaint that alleges facts demonstrating that the Court has diversity of citizenship jurisdiction to consider those claims. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

                                                     *Louis L. Stanton*
                                                     Louis L. Stanton
                                                        U.S.D.J.