UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD MIMMS,

Plaintiff,

-against-

RONALD ROTH; NOLAN ROTH; S. KHALIFE; ROTH & KHALIFE LLP; JAY TANNENBAUM; MICHAEL LAMONSOFF; DENNIS VILLASANA; DENNEHEY LAW FIRM; USCLAIMS OPCO LLC D/B/A USCLAIMS; USCLAIMS A/K/A FIVE STAR FUNDING; CYNTHIA JEAN-BAPTISTE; INA IBERLINGERI-VICENTY; ANA ROMERO; MARESSA MENDANHA; USCLAIMS LITIGATION DEPARTMENT BOCA RATON; DANIEL NAIHMER; HAROLD MOROKNEK; STEVEN B. SAAL, ESQ. LAWYERS AT (MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN LAW FIRM); JONATHAN PEEK (GEICO); DANA BARRETTA (GEICO) DARREN MOORE; OMAR HOWE; LORRAINE WRIGHT; REGINALD THOMAS; JOE DOPICA, ADAM POLO; JOHN DOES 1-10,

Defendants.

25-CV-6683 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights and engaged in criminal activity. By order dated November 10, 2025, the Court dismissed the complaint for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction, and granted Plaintiff 30 days' to replead his claims in an amended complaint. Plaintiff filed an amended complaint on December 4, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

Plaintiff, a resident of Bronx County, filed this action seeking $150 million in damages, alleging that Defendants deprived him of settlement money from state-court personal injury lawsuits. (ECF 1 at 5.) As detailed in this Court's November 10, 2025 order, the Court dismissed the original complaint with leave to replead because: (1) Plaintiff could not state Section 1983 claims against the Defendants who were not state actors; (2) the facts alleged did not suggest that any Defendant violated Plaintiff's constitutional rights; (3) Plaintiff could not assert claims under federal criminal statutes; and (4) the facts alleged did not show that the Court had diversity jurisdiction of Plaintiff's state-law claims. (ECF 8.)

Plaintiff filed an amended complaint, which is more than 200 pages long with attachments, and names as Defendants New York law firms and their attorneys; Florida litigation funding companies and their employees; employees of the New York State Attorney Grievance Committee and employees of the GEICO insurance company.[1] The following facts are gleaned from the amended complaint and attachments.

[1] The private-actor Defendants are: (1) the following law firms and attorneys: Roth & Khalife LLP, Ronald Roth, Nolan Roth, S. Khalife, Marshall Dennehey, Harold Moroknek, Jay Tannenbaum, Michael Lamonsoff, Daniel Niahmer, Dennis Villasana, and Adam Polo; (2) the following Florida litigation funding companies and employees: US Claims OPCO d/b/a US Claims, US Claims a/k/a Five Star Funding, the US Claims Litigation Department, and employees Cynthia Jean-Baptiste, Ina Iberlingeri-Vicenty, Ana Romero, and Maressa Mendanha; (3) GEICO representatives Jonathan Peek and Dana Barretta; and (4) Omar Howe, who apparently was a passenger in Plaintiff's car during one of the automobile accidents. The state-actor Defendants are New York State Attorney Grievance Committee Chief Attorney Joe Dopico and employees Lorraine Wright and Reginald Thomas. Plaintiff does not spell Defendants' names consistently with the spellings that appear in the attached documents. The Court spells their names as Plaintiff does.

Since 2015, Plaintiff has been involved in "multiple accidents and legal matters requiring ongoing representation" in personal injury matters.[2] (ECF 8 at 4.) He retained the law firm of Roth & Khalife to represent him in one matter, and he claims that their attorneys mishandled the case, made false statements during the state-court litigation, and remained on the case after he fired them. (*Id.* at 2-5, 101.) Thereafter, Roth & Khalife attorneys conspired with other attorneys (those representing Plaintiff at various times and in different proceedings, and attorneys representing adversaries), insurance company representatives, and litigation funding companies to defraud him by submitting forged documents to courts and third parties, obstructing his legal claims, delaying, withholding, or diverting funds, and misusing state and federal legal processes to his detriment. (*Id.*) Plaintiff alleges that Defendants committed civil RICO violations by engaging in a "coordinated scheme" of fraud, forgery, wire fraud, mail fraud, and committing "professional malpractice"; he further asserts state-law claims of breach of fiduciary duty, fraud, legal malpractice, and abuse of process. (*Id.* at 1-2.)

Plaintiff filed grievances against attorneys Tannenbaum and Roth with the New York State Attorney Grievance Committee ("AGC"). (*Id.* at 127, 176.) Apparently dissatisfied that the AGC determined that no investigation or action was warranted, Plaintiff in this complaint sues AGC Chief Attorney Dopico, and AGC employees Lorraine Wright and Reginald Thomas.

As far as the Court can glean, Omar Howe, the passenger, is named as a Defendant in this matter because he allegedly failed to properly review a document about a Medicaid lien on Plaintiff's settlement before he signed it, and that document harmed Plaintiff's "legal position" and negatively impacted his financial recovery. (*Id.* at 3-4.) Plaintiff further alleges that attorneys

[2] Attachments include documents from the state court matters, including documents from ongoing interpleader actions. (ECF 8 at 77-203.)

named as Defendants in this action introduced "fraudulent" liens against his settlement. (*Id.* at 1-5.)

There are currently on the docket two pending motions for an extension of time to serve the amended complaint. (ECF 6, 7.)

## DISCUSSION

### A. 42 U.S.C. § 1983

#### 1. Private Defendants

The Court dismisses Plaintiff's claims arising under 42 U.S.C. § 1983 against the private-actor Defendants. As explained in the November 10, 2025 order, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

There are no facts in the amended complaint suggesting that the actions of the private Defendants could be attributed to the state, or that they acted in concert with any state actor. Accordingly, the Court dismisses the Section 1983 claims against the private Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 2. Attorney Grievance Committee Defendants

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or

malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). In addition, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Prosecutors are also immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).

"Under the doctrine of quasi-judicial immunity, the scope of absolute immunity encompasses the actions of others 'who perform functions closely associated with the judicial process.'" *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Similarly, "officials performing certain functions analogous to those of a prosecutor" may also claim absolute immunity. *Butz v. Economou*, 438 U.S. 478, 515 (1978).

Court have extended quasi-judicial immunity and prosecutorial immunity to staff members of the Attorney Grievance Committees of state courts.[3] *See, e.g.*, *Neroni v. Coccoma*,

[3] In New York, the Appellate Divisions are charged with enforcing attorney discipline for violations of New York rules of professional conduct. N.Y. Jud. Law. § 90(2). The Appellate Divisions establish grievance committees to handle attorney discipline and appoint chief attorneys and other staff to the grievance committees as needed. 2 2 N.Y.C.R.R. §§ 1240.4, 1240.50. The chief attorney investigates and prosecutes misconduct complaints before the committees. *Id.* § 1240.7. If the committee determines that the evidence supports public discipline, such as suspension, the committee prosecutes the misconduct allegations in a formal hearing before the relevant Appellate Division. *Id.* § 1240.8

591 F. App'x 28, 30 (2d Cir. 2015) (summary order) ("[W]e have consistently extended quasi-judicial immunity to attorney disciplinary committees." (citing and quoting *Anonymous v. Ass'n of the Bar of the City of New York*, 515 F.2d 427, 433 (2d Cir. 1975)); *McKewon v. N.Y. State Comm'n on Jud. Conduct*, 377 F. App'x 121, 124 (2d Cir. 2010) (summary order) ("Prosecutors, hearing examiners, and law clerks are eligible for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles." (citing, *inter alia*, *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988))); *Napolitano v. Saltzman*, 315 F. App'x 351, 351-52 (2d Cir. 2009) (summary order) ("Saltzman enjoys absolute immunity for his actions as counsel to the Grievance Committee, which are 'quasi-public adjudicatory [or] prosecutorial' in nature); *Finn v. Anderson*, No. 12-CV-5742 (VB), 2013 WL 12085092, at *9 (S.D.N.Y. Sept. 6, 2013) ("[P]ersons working for Grievance Committees, conducting investigations and proceedings, act in a quasi-judicial capacity. Indeed, . . . counsel to New York State Grievance Committees are included among the others who are afforded absolute quasi-judicial immunity."), *aff'd*, 592 F. App'x 16 (2d Cir. 2014) (summary order).

Here, Plaintiff asserts claims against the AGC Chief Attorney Dopico and employees Wright and Thomas. These Defendants are immune from Plaintiff's claims. *See, e.g.*, *Salis v. Dopico*, No. 24-1066-CV, 2025 WL 880407, at *2 (2d Cir. Mar. 21, 2025) (holding that Dopico, in his role as chief attorney to the Attorney Grievance Committee, is entitled to prosecutorial immunity); *Finn*, 592 F. App'x at 19 ("This Court has consistently extended such 'quasijudicial' immunity to investigators with attorney grievance committees[.]"). The Court therefore dismisses Plaintiff's claims against Dopico, Wright, and Thomas in their individual capacities as barred by the doctrines of quasi-judicial and prosecutorial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. 42 U.S.C. § 1985(3)**

To state a conspiracy claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under Section 1985. Plaintiff alleges no specific, nonconclusory facts suggesting that Defendants entered into an agreement to deprive him of his civil rights or took any overt act directed towards those ends. He also fails to set forth any facts suggesting that Defendants' conduct was either motivated by animus on the basis of Plaintiff's race, color, or other protected characteristic, or resulted in a denial of his rights. The Court therefore dismisses Plaintiff's claims under Section 1985(3) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. 18 U.S.C. § 1961**

Plaintiff asserts claims under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317,

322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C. § 1964(c). In order to state a violation of Section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also "allege that he was 'injured in his business or property *by reason of* a violation of section 1962.'" *Id.* (quoting § 1964(c) (italics in original)).

To state a claim of a civil RICO conspiracy under Section 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also show that "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45. Racketeering activity is defined to include a wide variety of criminal offenses, such as wire fraud, mail fraud, commercial bribery, bank fraud, and money laundering. § 1961(1).

In addition, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to RICO claims predicated on fraud. *See McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992); *Scalercio-Isenberg v. Goldman Sachs Mortg. Co.*, No. 21-CV-4124 (KPF), 2022 WL

3227875, at *9 (S.D.N.Y. Aug. 9, 2022) (holding that "even when a plaintiff proceeds *pro se*, courts apply the Rule 9(b) pleading standard and dismiss complaints that do not meet its heightened requirements") A plaintiff must "specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent[,] and plead those events which give rise to a strong inference that [each] defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Rev. v. Minci,* No. 21-CV-320 (AT) (JLC), 2022 WL 1910127, at *3 (S.D.N.Y. June 3, 2020) (quoting *Jus Punjabi, LLC v. Get Punjabi US, Inc.*, 640 F. App'x 56, 58 (2d Cir. 2016)) (cleaned up). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

Plaintiff does not allege facts that would support a civil RICO claim because he has not plausibly alleged that any defendant engaged in a criminal offense. His conclusory assertion that Defendants committed mail fraud or wire fraud are unsupported by specific facts. The amended complaint does not meet Rule 9's heightened pleading standard; the allegations are therefore insufficient to suggest a violation of the RICO statute. The Court dismisses Plaintiff's claims under the civil RICO statute for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Claims under state law**

As explained in the November 10, 2025 order, Plaintiff's original complaint did not show that the Court had diversity jurisdiction of this action under 28 U.S.C. § 1332, because complete diversity of citizenship was lacking. *See* 28 U.S.C. § 1332(a); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff, a resident of New York, again names multiple Defendants who are New York residents. Thus, complete diversity of citizenship is again lacking. Accordingly,

the Court dismisses without prejudice any state-law claims Plaintiff is asserting under 28 U.S.C. § 1332.[4]

The Court previously declined to exercise its supplemental jurisdiction of any state-law claims because it had "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the federal claims in the amended complaint of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted and on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), and without prejudice for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

---

[4] Plaintiff may pursue whatever remedies remain available to him in the state courts.

The Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The pending motions for an extension of time to serve the amended complaint are dismissed as moot, and the Clerk of Court is directed to terminate them. (ECF 6, 7.)

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: July 9, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.